# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| MEGHAN WATERSTON,<br><br>*Plaintiff*,<br><br>v.<br><br>ADVANCE BUREAU OF COLLECTIONS LLP d/b/a ADVANCE BUREAU OF COLLECTIONS; KENNETH M. FRENCH; SHERRY L. JOHNSON; and JAMES W. DAVIS,<br><br>*Defendants*. | CIVIL ACTION NO.<br>5:18-cv-00233-TES |

## ORDER GRANTING MOTION TO DISMISS

Before the Court is Defendant Sherry L. Johnson's Motion to Dismiss Plaintiff's Amended and Recast Complaint [Doc. 56].[1] For the reasons discussed below, the Court **GRANTS** this motion and **DISMISSES** Plaintiff's claims against Defendant Johnson **without prejudice**.

## STANDARD OF REVIEW

A motion to dismiss tests the sufficiency of the allegations in a plaintiff's complaint. *Acosta v. Campbell*, 309 F. App'x 315, 317 (11th Cir. 2009). A complaint survives a motion to dismiss if it pleads "sufficient factual matter, accepted as true, to state a claim

---

[1] Although Defendant Johnson has not submitted her reply brief at the time of this Order, the Court need not wait for her to do so prior to ruling on this motion because the Court is able to fully ascertain her legal position on the record currently before it. *See* M.D. Ga. L.R. 7.7.

to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). But the Court need not accept as true "[t]hreadbare recitals of the elements of a cause of action" or "conclusory statements." *Iqbal*, 556 U.S. at 678. Thus, to decide whether a complaint survives a motion to dismiss, district courts are instructed to use a two-step framework. *See McCullough v. Finley*, 907 F.3d 1324, 1333 (11th Cir. 2018). The first step is to identify the allegations that are "no more than mere conclusions." *Id.* (quoting *Iqbal*, 556 U.S. at 679). "Conclusory allegations are not entitled to the assumption of truth." *Id.* (citation omitted). After disregarding the conclusory allegations, the second step is to "assume any remaining factual allegations are true and determine whether those factual allegations 'plausibly give rise to an entitlement to relief.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679).

## **BACKGROUND**

This is the fifth motion to dismiss Defendants have filed in this case. *See* [Docs. 17, 32, 42 & 45]. The Court terminated the first and second Motions to Dismiss [Docs. 17 & 32] after Plaintiff filed a Consent Motion to Dismiss [Doc. 49] the parties that filed those motions. *See* [Doc. 51]. Defendants James W. Davis and Sherry L. Johnson then filed separate motions to dismiss. *See* [Docs. 42 & 45]. The Court issued a single order denying those motions as to Plaintiff's Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") claims but granting those motions as to Plaintiff's negligence claims. [Doc. 53, at p. 1]. In the same Order, the Court directed Plaintiff to file a recast complaint because her original Complaint [Doc. 1] was "tantamount to a shotgun pleading"—a fact

2

she essentially conceded.[2] [Doc. 53, at p. 8]; [Doc. 52, at p. 7 n.21]. Complying with the Court's previous Order, Plaintiff filed a Recast Complaint [Doc. 54] adding additional factual allegations and clarifying her claims under the FDCPA. In response to Plaintiff's Recast Complaint, Defendant Johnson filed the Motion to Dismiss Plaintiff's Amended and Recast Complaint [Doc. 56] now before the Court. The Court recites the facts of this case as alleged in Plaintiff's Recast Complaint as required by the standard of review applicable to motions to dismiss.

Plaintiff's claims are based on Defendants' efforts to collect a debt Plaintiff owed for medical services provided by Primary Pediatrics ("Primary"), a previously dismissed party in this action. [Doc. 54, at ¶¶ 30 & 34–37]. Plaintiff alleges that, although she originally owed the debt to Primary, Primary transferred it to Defendant Advance Bureau of Collections LLP ("ABC") after the debt went into default. [*Id.* at ¶¶ 32 & 33]. Defendants ABC and Kenneth M. French then allegedly hired Defendants Davis and

---

[2] Despite some minor improvements, Plaintiff's Recast Complaint contains many of the deficiencies the Court identified in its previous order. For example, Plaintiff again commits the cardinal sin of incorporating and reincorporating the preceding paragraphs in each of her counts. *See* [Doc. 54, at ¶¶ 69 & 77]; *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002) ("The typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions."). In this case, Plaintiff's incorporation by reference in paragraph 77 of her Recast Complaint created confusion as to which Defendants Plaintiff intended to assert a Georgia Fair Business Practices Act, Ga. Code Ann. § 10-1-390 *et seq.*, claim against. The Court assumes that Plaintiff asserts such a claim against Defendant ABC—the only party whose conduct is referenced in that portion of Plaintiff's Recast Complaint.

Johnson "to file suit against Plaintiff to collect the debt."[3] [*Id.* at ¶ 34]. Plaintiff alleges that Defendants ABC and French prepared a form statement of claim that Defendant Johnson notarized despite not witnessing Defendant French sign the document. [*Id.* at ¶¶ 36, 52 & 53]. Defendants then filed the statement of claim in Bibb County Magistrate Court.[4] [*Id.* at ¶¶ 37 & 38]. Plaintiff alleges that Defendants filed the statement of claim in the name of Primary, several individual Primary employees, and Defendant Davis even though "Defendants were not authorized to bring the Suit in the name of [Primary and its employees]" and Defendant Davis was never "assigned any obligation or debt owed by Plaintiff." [*Id.* at ¶¶ 40–47]. Plaintiff asserts that Defendants filed the suit in this way to "instill a belief in the Plaintiff that her children would be unable to receive future medical care from those providers." [Doc. 54, at ¶ 44].

Plaintiff alleges that Defendants violated the FDCPA by:

- "Creating the false impression and/or misrepresentation that there had been meaningful attorney involvement" in filing the statement of claim in violation of 15 U.S.C. § 1692e. [*Id.* at ¶ 74(i)].

- Seeking to collect an amount greater than what they were legally authorized to collect in violation of 15 U.S.C. §§ 1692e & 1692f(1). [*Id.* at ¶¶ 74(ii) & 74(vi)].

---

[3] Plaintiff alleges that Defendant French "is an owner, partner, manager, shareholder, and/or director of Defendant ABC and as such is liable for the acts and omissions of Defendant ABC." [Doc. 54, at ¶ 17].

[4] Plaintiff does not specify which Defendant(s) actually filed the statement of claim in Bibb County Magistrate Court. *See* [Doc. 54, at ¶ 38].

4

- Making false statements in the attestation clause of the statement of claim in violation of 15 U.S.C. § 1692e. [*Id.* at ¶ 74(iv)].

- Unfairly and deceptively "filing suit in the name of individuals and entities the Defendants were not authorized to represent and whom Plaintiff owed no obligation" in violation of 15 U.S.C. §§ 1692e & 1692f. [*Id.* at ¶¶ 74(iii) & 74(v)].

Plaintiff further alleges that Defendant ABC violated the Georgia Fair Business Practices Act, Ga. Code Ann. § 10-1-390 *et seq*. ("GFBPA").[5] [*Id.* at ¶¶ 81 & 82].

## DISCUSSION

The Court grants Plaintiff's Motion to Dismiss Plaintiff's Amended and Recast Complaint because Plaintiff failed to sufficiently allege that Defendant Johnson was acting as a debt collector. To state a claim under the FDCPA, a Plaintiff must allege

> (1) she has been the object of collection activity arising from a consumer debt; (2) the defendant attempting to collect the debt qualifies as a "debt collector" under the Act; and (3) the defendant has engaged in a prohibited act or has failed to perform a requirement imposed by the FDCPA.

*Brown v. Credit Mgmt. LP*, 131 F. Supp. 3d 1332, 1338 (N.D. Ga. 2015). Defendant Johnson does not contend that Plaintiff's Recast Complaint is deficient with regard to the first

---

[5] The Court finds that paragraph 88 of Plaintiff's Recast Complaint is conclusory; therefore, the Court is permitted to disregard this allegation in ruling on a motion to dismiss. [Doc. 54, at ¶ 88] ("Plaintiff was injured by Defendant ABC's actions."). *See McCullough*, 907 F.3d at 1333 (directing trial courts to strike conclusory allegations). *See also Carlisle v. Nat'l Commercial Servs., Inc.*, NO. 1:14-CV-515-TWT-LTW, 2017 WL 1075088, at *7 (N.D. Ga. Feb. 22, 2017) (holding that Plaintiff asserting GFBPA claim must allege injury and causation despite claim arising out of violation of FDCPA); *Nottingham v. Houston Hosps., Inc.*, Civil Action No. 5:18-cv-00182-TES, 2018 WL 4604023, at *6 (M.D. Ga. Sept. 25, 2018) (same). However, because the instant motion does not address Plaintiff's GFBPA claim, the Court will not dismiss this claim at this time.

element. *Compare* 15 U.S.C. § 1692a(5) (defining debt as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes") *with* [Doc. 54, at ¶ 31] ("Plaintiff incurred the debt for personal, family or household purposes, and not for business purposes."). Instead, Defendant Johnson asserts that Plaintiff's allegations against her are deficient with regard to the second and third elements.

The Court first considers Defendant Johnson's argument that Plaintiff failed to allege that Defendant Johnson is a debt collector. In her brief in support of the instant motion, Defendant Johnson generally argues that she was not—as a factual matter—a debt collector as defined by the FDCPA. *See* [Doc. 56, at pp. 6–7]. In particular, she argues that Defendants ABC and French did not hire her to file suit to collect the debt; that she did not participate in preparing or otherwise initiating the suit against Plaintiff; and that her sole involvement in the suit was notarizing a court filing. [*Id.*]. But, as Plaintiff correctly points out, these are merits-based arguments that do not go to the sufficiency of the allegations in Plaintiff's Recast Complaint and are therefore not appropriately considered at this stage of the proceedings. [Doc. 60, at p. 3]. Notwithstanding the merits-based phrasing of Defendant Johnson's brief, Defendant Johnson has raised the issue of the sufficiency of Plaintiff's allegations with regard to Defendant Johnson's status as a debt collector. Accordingly, the Court examines these allegations and finds that they are

6

deficient.

The FDCPA defines a debt collector, in pertinent part, as

> any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15 U.S.C. § 1692a(6). Thus, under this definition an individual is a debt collector for purposes of an FDCPA claim if they (1) use an instrumentality of interstate commerce in a business that has the principal purpose of collecting debt; (2) use the mail in a business that has the principal purpose of collecting debt; or (3) "regularly" collect or attempt to collect debts owed to another. *Id.* A plaintiff must allege that each defendant falls into at least one of these categories for their FDCPA claim to survive a motion to dismiss.

Plaintiff sufficiently alleged that Defendants Davis and French are debt collectors for purposes of her FDCPA claim but failed to allege facts that would support placing Defendant Johnson in any of the three categories identified above. *See* [Doc. 54, at ¶ 26] ("Defendant Davis *regularly* attempts to collect consumer debt on behalf of Defendant ABC and/or other debt collectors and, in this capacity, acts as a debt collector himself.") (emphasis added). *See also* [*Id.* at ¶19] ("Defendant French used *the mails* and *telephone system* in connection with the attempted collection of Plaintiff's alleged debt.") (emphasis added); *Frazier v. Absolute Collection Serv., Inc.*, 767 F. Supp. 2d 1354, 1364 (N.D. Ga. 2011) (holding that plaintiff sufficiently alleged defendant was a debt collector when complaint "indicate[d] that [d]efendant use[d] the mails and telephone communications in its

7

business . . . [to] collect[] debts owed to others"). Her sole allegation on this element as to Defendant Johnson, however, is that "Defendant Johnson is a debt collector with respect to the allegations made herein." [Doc. 54, at ¶ 29]. But, as the Eleventh Circuit in *Farguharson v. Citibank, N.A.* noted, this type of "threadbare recital[] of the elements of a cause of action's elements will not suffice" to survive a motion to dismiss. 664 F. App'x 793, 799–80 (11th Cir. 2016) (dismissing plaintiff's FDCPA claim where plaintiff merely alleged that defendants were debt collectors).

True, Plaintiff does allege that Defendants ABC and French hired Defendants Davis and Johnson "to file suit against Plaintiff to collect the debt" but allegations of an isolated instance of debt collecting activity are insufficient to permit a finding that Defendant Johnson regularly engaged in collection activity. [Doc. 54, at 34]. *See James v. Wadas*, 724 F.3d 1312, 1318 (10th Cir. 2013) (holding that isolated instances of debt collection activity were insufficient to qualify attorney as debt collector). To treat Plaintiff's allegations with regard to Defendant Johnson as sufficient would require the Court to rewrite the definition of debt collector in the FDCPA to exclude the word "regularly."

Finally, nothing in Plaintiff's Recast Complaint could be plausibly construed to suggest that Defendant Johnson used an instrumentality of interstate commerce or the mails to attempt to collect Plaintiff's debt. Because Plaintiff failed to allege that Defendant Johnson is a debt collector, the Court need not consider whether Defendant Johnson's

alleged misconduct violated the FDCPA.

## **CONCLUSION**

For the reasons stated above, the Court **GRANTS** Defendant Johnson's Motion to Dismiss Plaintiff's Recast Complaint [Doc. 56]. Accordingly, the Court **DISMISSES** Plaintiff's claims against Defendant Johnson **without prejudice**.

**SO ORDERED** this 31st day of January, 2019.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**